UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICKI BAKER, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-0176-ALM |
| CITY OF McKINNEY, TEXAS, | § § | |
| Defendant. | § § | |

# DEFENDANT CITY OF McKINNEY'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Edwin P. Voss, Jr.
State Bar No. 20620300
evoss@bhlaw.net
Michael L. Martin
State Bar No. 24108956
mmartin@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEYS FOR DEFENDANT
CITY OF MCKINNEY, TEXAS

October 12, 2021

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Index of Authorities ............................................................................................................ ii

I. Introduction ............................................................................................................. 1

II. Response to Plaintiff's Statement of Issues to be Decided .................................... 2

III. Response to Plaintiff's Statement of Undisputed Material Facts ......................... 3

IV. Arguments and Authorities ..................................................................................... 3

      A. Plaintiff's Motion Violates the Court's Local Rules and Should Be Denied .......... 3

      B. Plaintiff's Motion for Partial Summary Judgment is Premature ............................ 4

      C. Baker Fails to Establish the Existence of a Federal Question ................................ 6

      D. Baker Fails to Establish Supplemental Jurisdiction ................................................ 6

      E. Baker has Failed to State a Claim Upon Which Relief Can Be Granted ................ 7

      F. Plaintiff's Motion Fails to Establish Municipal Liability Under Section 1983 ....... 8

      G. Plaintiff's Motion Fails to Establish the Existence of a Fifth Amendment Violation ................................................................................................................ 8

      H. Plaintiff's Motion Fails to Establish the Existence of a State Law Takings Claim ....................................................................................................................... 9

V. Conclusion ............................................................................................................. 12

Signature ........................................................................................................................... 12

Certificate of Service ........................................................................................................ 13

# **INDEX OF AUTHORITIES**

**Cases**

*Barshop v. City of Houston,* 442 S.W.2d 682 (Tex. 1969) ............................................................. 11

*Biziko v. Van Horne,* 981 F.3d 418 (5th Cir. 2020) ........................................................................ 5

*City of Arlington v. State Farm Lloyds,* 145 S.W.3d 165 (Tex. 2004) ......................................... 11

*City of Dallas v. Jennings,* 142 S.W.3d 310 (Tex. 2004) ......................................................... 10, 11

*City of Tyler v. Likes*, 962 S.W.2d 489 (Tex. 1997) ................................................................... 9, 10

*Culbertson v. Lykes*, 790 F.3d 608 (5th Cir. 2015) ......................................................................... 8

*Gould Inc. v. Peginey Uchine Kuhlmann,* 853 F.2d 445 (6th Cir. 1988) ....................................... 5

*Molina v. Collin County, Texas*, 2017 WL 4812452 (E.D. Tex., No. 4:17-CV-00017-ALM, Oct. 25, 2017) ........................................................................................................................... 4

*Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978) .................................................................... 8

*Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169 (5th Cir. 1994) ................................................. 5

*MTGLQ Investors, L.P. v. Charboneau*, 2019 WL 2520435 (E.D. Tex., No. 4:18-CV-00871-ALM-CAN, Feb. 21, 2019) ............................................................................................. 4

*Peoples Nat. Bank v. Office of Comptroller of Currency of U.S.,* 362 F.3d 333 (5th Cir. 2004) ... 5

*Piotrowski v. City of Houston,* 237 F.3d 567 (5th Cir. 2001) ........................................................ 8

*Sangha v. Navig8 Ship Management Priv. Ltd.,* 882 F.3d 96 (5th Cir. 2018) ............................... 5

*Sanson v. Allstate Texas Lloyds*, 2018 WL 3736362 (E.D. Tex., No. 4:17-CV-00733-ALM, Aug. 6, 2018) ............................................................................................................................. 4

*Singer v. State,* 391 S.W.3d 627 (Tex.App.-El Paso 2012, pet. denied) ....................................... 10

*State v. Holland,* 221 S.W.3d 639 (Tex. 2007) .............................................................................. 10

*Tarrant Regional Water Dist. v. Gragg,* 151 S.W.3d 546 (Tex. 2004) ........................................ 10

*Tex. Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217 (Tex. 2004) .................................... 9

*Tex. Nat. Resource Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849 (Tex. 2002) ................... 10

*Thornton v. Northeast Harris County MUD 1,* 447 S.W.3d 23 (Tex.App-Houston [14th Dist.] 2014, pet. denied) ............................................................................................................. 11

**Statutes**

28 U.S.C. § 1331 .................................................................................................................. 1, 2, 7

28 U.S.C. § 1367 .................................................................................................................. 1, 2, 7

42 U.S.C. § 1983 .................................................................................................................. 1, 2, 5, 8

E.Dist.Loc.R. CV-5 .................................................................................................................. 13

E.Dist.Loc.R. CV-7 .................................................................................................................. 1, 2, 3, 4

E.Dist.Loc.R. CV-10 .................................................................................................................. 4

Fed.R.Civ.P. 5 .................................................................................................................. 13

Fed.R.Civ.P. 12 .................................................................................................................. 1, 2, 5, 7

Fed.R.Civ.P. 56 .................................................................................................................. 1, 3

Fed.R.Evid. 401-403 .................................................................................................................. 3

Fed.R.Evid. 801-803 .................................................................................................................. 3

Tex. Const. art. 1, § 17 .................................................................................................................. 1, 2, 10

TEX.CIV.PRAC. & REM. CODE ANN. §§ 101.001–.109 .................................................................................................................. 9

TEX.CIV.PRAC. & REM. CODE ANN. § 101.0215 .................................................................................................................. 9

## DEFENDANT CITY OF McKINNEY'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant City of McKinney, Texas ("City"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, and E.Dist.Loc.R. CV-7(a)(2) and CV-7(d) and (e), files this response to Plaintiff's Motion for Partial Summary Judgment, filed September 20, 2021 (ECF Doc. No. 19) ("Plaintiff's Motion"), and urges the court to deny Plaintiff's Motion. In support hereof, the City respectfully shows the court the following:

### I. INTRODUCTION

Plaintiff's Motion is premature because Defendant City of McKinney's Rule 12(b)(1) and Rule 16(b)(6) Motion to Dismiss, filed April 14, 2021 (ECF Doc. No. 6) ("City's Motion to Dismiss") remains pending. *See* Court's Docket. In the City's Motion to Dismiss, the City asserts, *inter alia*, that (1) the claims of Plaintiff Vicki Baker ("Baker") should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1367; and (2) Baker's claims should be dismissed under Rule 12 (b)(6) for failure to state a claim upon which relief can be granted because: (a) Plaintiff's Original Complaint ("Complaint") fails to establish a requisite policy, practice or custom sufficient to establish municipal liability under 42 U.S.C. § 1983, (b) the Complaint fails to state a cognizable Fifth Amendment claim, and (c) the Complaint attempts to circumvent well-established state sovereign immunity by trying to cloak a traditional tort claim as a takings claim under Article I, Section 17 of the Texas Constitution. *See* attached Exhibit A(1), City's Motion to Dismiss, pp. 3-23. The issues presented in Plaintiff's Motion are similar, so that a ruling by the court on the City's Motion to Dismiss can obviate the need to consider and/or determine Plaintiff's Motion.

On the front cover page of Plaintiff's Motion, Baker requests oral argument, as is available within the court's discretion, pursuant to E.Dist.Loc.R. CV-7(g). The City welcomes the

opportunity to participate in oral argument. The City will be pleased to present to the court not only its argument why the City's Motion to Dismiss should be granted, and why Plaintiff's Motion should be denied, but also discuss other related matters.

## II. RESPONSE TO PLAINTIFF'S STATEMENT OF ISSUES TO BE DECIDED

Plaintiff's Motion, at p. 2, sets forth a Statement of Issues to be Decided, presumably pursuant to E.Dist.Loc.R. CV-7(a)(1), the requirement for such a section when presenting a case dispositive motion. Plaintiff's Motion, however, is not a case dispositive motion. *See* E.Dist.Loc.R. CV-7(a)(2) ("Non-dispositive motions include, among others, … motions for partial summary judgment …."). As a result, a statement of issues to be decided is not necessary. Nonetheless, the City opposes Plaintiff's Motion, and provides the following response to Baker's statement of issues, and urges the court to deny Plaintiff's Motion for the following reasons:

(1) Plaintiff's Motion exceeds fifteen (15) pages in length, without having first obtained leave of court, in violation of E.Dist.Loc.R. CV-7(a)(2);

(2) Plaintiff's Motion is premature because the court has yet to determine whether it possesses subject-matter jurisdiction over Baker's claims;

(3) Baker's claims should be dismissed under Rule 12 (b)(1) for lack of subject matter jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1367; and

(4) Baker's claims should be dismissed under Rule 12 (b)(6) for failure to state a claim upon which relief can be granted because: (a) the Complaint fails to establish a requisite policy, practice or custom sufficient to establish municipal liability under 42 U.S.C. § 1983, (b) the Complaint fails to state a cognizable Fifth Amendment claim, and (c) the Complaint attempts to circumvent well-established state sovereign immunity by trying to cloak a traditional tort claim as a takings claim under Article I, Section 17 of the Texas Constitution.

### III. RESPONSE TO PLAINTIFF'S
### STATEMENT OF UNDISPUTED MATERIAL FACTS

The City objects to the Affidavit of Vicki Baker, attached to Plaintiff's Motion (ECF Doc. No. 19-1), because paragraphs 6-10, 12-15, 18-19, contain hearsay statements that do not satisfy an exception to the hearsay rule. Fed.R.Evid. 801-803. Additionally, the City objects to Exhibit E attached to the Affidavit of Jeffrey Redfern because it is an audio file that contains hearsay statements that do not satisfy an exception to the hearsay rule, and is evidence that is not relevant or material to the issues in this case, and is prejudicial in this format. Fed.R.Evid. 401-403; 801-803. As a result, such information should not be considered by the court because it is not evidence under the Federal Rules of Evidence.

Under Rule 56(d) of the Federal Rules of Civil Procedure, the City needs discovery in this case, if the court determines that subject matter jurisdiction exists, and the City thus cannot present facts essential to its opposition to Plaintiff's Motion, as set forth in the Affidavit of Edwin P. Voss, Jr., attached hereto as Exhibit A. As a result, the City requests the court to either defer considering Plaintiff's Motion, or deny Plaintiff's Motion, or alternatively allow time to take discovery as set forth in the Affidavit of Edwin P. Voss, Jr., or alternatively to issue any other appropriate order under these circumstances. Fed.R.Civ.P. 56(d).

### IV. ARGUMENTS AND AUTHORITIES

**A. Plaintiff's Motion Violates the Court's Local Rules and Should Be Denied.**

Plaintiff's Motion is a motion for partial summary judgment. *See, generally*, Plaintiff's Motion. As such, Plaintiff's Motion is a non-dispositive motion. E.Dist.Loc.R. CV-7(a)(2) ("Non-dispositive motions include, among others, … motions for partial summary judgment, …"). Plaintiff's Motion contains 19 pages, and thus exceeds the 15-page limit for non-dispositive

motions. E.Dist.Loc.R. CV-7(a)(2) ("Non-dispositive motions shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained.").

Plaintiff did not seek leave of court to exceed the 15-page limit prior to filing Plaintiff's Motion. *See, generally*, Court's Docket. Compliance with the court's local rules is required. *See MTGLQ Investors, L.P. v. Charboneau*, 2019 WL 2520435, at **1-2 (E.D. Tex., No. 4:18-CV-00871-ALM-CAN, Feb. 21, 2019) (Mem. Op.) (court denied defendant's notice of removal, in part, for failure to provide information required by local rule); *Sanson v. Allstate Texas Lloyds*, 2018 WL 3736362, at *3 (E.D. Tex., No. 4:17-CV-00733-ALM, Aug. 6, 2018) (Mem. Op.) (court considered plaintiff's failure to comply with local rule as to expert witness designation requirements as factor in favor of striking such expert); *Molina v. Collin County, Texas*, 2017 WL 4812452, at *2 (E.D. Tex., No. 4:17-CV-00017-ALM, Oct. 25, 2017) (Mem. Op.) (court denied defendant's motion to exclude expert witness in part for failure to comply with local rules).

As a result, the City requests the court to deny Plaintiff's Motion. In the alternative, the City requests the court to strike pages 16-19 from Plaintiff's Motion and not consider them as part of Plaintiff's Motion. Since those stricken pages include the signature of Baker's counsel, Plaintiff's Motion is, therefore, an unsigned document, which violates the court's form of pleadings requirements. E.Dist.Loc.R. CV-10(a)(3) (signature requirement). Further, the stricken pages include all of Baker's argument on Baker's state law takings claim, which should not be considered by the court, as a result. In any event, Plaintiff's Motion is incomplete and deficient under this court's local rules and, therefore, should be denied.

### B. Plaintiff's Motion for Partial Summary Judgment is Premature.

Plaintiff's Motion is premature because the court has not yet determined whether it possesses jurisdiction to hear this matter. *See* Exhibit A(1), City's Motion to Dismiss, pp. 3-23.

The City has yet to file an answer, instead filing its dismissal motion asserting, *inter alia*, lack of jurisdiction. *See* Court's Docket. As set forth in the City's Motion to Dismiss, the court lacks jurisdiction over this matter under Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failing to state a claim). *Id*. Before the court may rule on Plaintiff's Motion, it should first determine the City's pending Motion to Dismiss.

Federal courts are courts of limited jurisdiction which have no jurisdiction except that provided by statute. *Peoples Nat. Bank v. Office of Comptroller of Currency of U.S.,* 362 F.3d 333, 336 (5th Cir. 2004). Thus, courts have an obligation to determine whether subject-matter jurisdiction exists. *Biziko v. Van Horne,* 981 F.3d 418, 410 (5th Cir. 2020). Federal courts must first determine whether subject-matter jurisdiction exists before considering the merits of the case. *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169,172 (5th Cir. 1994) (quoting *Gould Inc. v. Peginey Uchine Kuhlmann,* 853 F.2d 445, 450 (6th Cir. 1988)) ("A Fed.R.Civ.P. 12(b)(1) motion for lack of subject matter . . . jurisdiction must be considered by the district court before other challenges since the court must find jurisdiction before determining the validity of a claim.'"). Typically, the only exception to this rule is when the jurisdiction issue is "difficult to determine" and other issues are "less burdensome" to examine. *Sangha v. Navig8 Ship Management Priv. Ltd.,* 882 F.3d 96, 99–100 (5th Cir. 2018). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3).

The City's Motion to Dismiss establishes that the court lacks subject-matter jurisdiction because Plaintiff has failed to: (1) plead the required elements of a federal question; (2) establish a policy, practice, or custom necessary to establish municipal liability under 42 U.S.C. § 1983; and (3) plead a legally recognized constitutional harm. *See* Exhibit A(1), City's Motion to Dismiss, pp. 3-23. *See also* Exhibit A(2), Defendant City of McKinney's Reply to Plaintiff's Response to

Defendant's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss, filed May 5, 2021 (ECF Doc. No. 10) ("City's Reply"), pp. 2-10; Exhibit A(3), Defendant City of McKinney's Response to Plaintiff's Supplemental Authority, filed June 25, 2021 (ECF Doc. No. 16) ("City's Response to Supplemental Authority"), pp. 1-3.

Until the court determines whether it possesses subject-matter jurisdiction over Baker's claims, it should decline to rule on Plaintiff's Motion. The jurisdictional issues here are key to the court's power to hear this matter. Further, if the court finds that it lacks subject-matter jurisdiction, it must dismiss Baker's claims in their entirety, thereby rendering Plaintiff's Motion moot. For these reasons, the court should deny Plaintiff's Motion.

### C. Baker Fails to Establish the Existence of a Federal Question.

Plaintiff's Motion proceeds as if the court has jurisdiction of the claims made in this case. Both the Complaint, and Plaintiff's Motion, fail to establish the existence of a federal question because there is no federal court decision which has recognized Baker's purported takings cause of action under the Fifth Amendment or the Fourteenth Amendment in the context of damage to property during a police response to an armed hostage standoff, rescue of a under-age hostage, and apprehension of an armed gunman barricaded in a private home. These issues are the same as those presented in the City's Motion to Dismiss, and related pleadings. Rather than repeat its arguments herein, the City incorporates those arguments herein as if stated verbatim. *See* Exhibit A(1), City's Motion to Dismiss, pp. 3-10; Exhibit A(2), Defendant City's Reply, pp. 2-7; Exhibit A(3), Defendant City's Response to Supplemental Authority, pp. 1-3. As a result, Plaintiff's Motion should be denied because Baker fails to establish the existence of a federal question.

### D. Baker Fails to Establish Supplemental Jurisdiction.

Plaintiff's Motion proceeds as if the court has supplemental jurisdiction of Baker's takings

claim asserted under the Texas Constitution. As an initial matter, the argument concerning Baker's state law takings claim appears on pages 16-18 of Plaintiff's Motion. Those pages should be stricken because of non-compliance with the court's local rules, as set forth in Section A, above. Thus, Plaintiff's Motion presents no viable argument concerning Baker's takings claim under state law, and should be dismissed.

Additionally, as is presented in the City's Motion to Dismiss, the court has no jurisdiction over Baker's federal takings claim. *See* Section C, above. Since Baker's Fifth Amendment takings claim is invalid, so that no federal jurisdiction exits in the court under 28 U.S.C. § 1331, then the supplemental jurisdiction statute, 28 U.S.C. § 1367, is not triggered. These issues are the same as those presented in the City's Motion to Dismiss, and related pleadings. Rather than repeat its arguments herein, the City incorporates those arguments herein as if stated verbatim. *See* Exhibit A(1), City's Motion to Dismiss, pp. 10-11, 23; Exhibit A(2), Defendant City's Reply, pp. 7, 10. As a result, Plaintiff's Motion should be denied because Baker fails to establish the existence of supplemental jurisdiction over Baker's state law takings claim.

### E. Baker has Failed to State a Claim Upon Which Relief Can Be Granted.

Plaintiff's Motion essentially asserts the same claims and issues as presented in the Complaint, with the addition of the Affidavit of Vicki Baker with attachments, and copies of some of the City's police department reports that discuss the incident at Baker's residence. In other words, Plaintiff's Motion presents no new issues that differ from the issues pending in the City's Motion to Dismiss. As stated in the City's Motion to Dismiss, Baker's assertions fail to state a claim upon which relief should be granted, and this case should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. These issues are the same as those presented in the City's Motion to Dismiss, and related pleadings. Rather than repeat its arguments herein, the City

incorporates those arguments herein as if stated verbatim. *See* Exhibit A(1), City's Motion to Dismiss, pp. 11-13; Exhibit A(2), Defendant City's Reply, p. 7.

### F. Plaintiff's Motion Fails to Establish Municipal Liability Under Section 1983.

Plaintiff's Motion attempts to establish liability against the City under 42 U.S.C. § 1983. To establish municipal liability under § 1983, a plaintiff must show that: (1) an official policy or custom, (2) promulgated by the municipal policymaker, (3) was the moving force behind the violation of a constitutional right. *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 (1978)). *See also Culbertson v. Lykes*, 790 F.3d 608, 628 (5th Cir. 2015). Plaintiff's Motion nowhere mentions any of these requirements, and completely omits any mention of these requirements in Baker's attempt to hold the City liable under § 1983. *See, generally*, Plaintiff's Motion. Those issues and standards are the same as those presented in the City's Motion to Dismiss, and related pleadings. Rather than repeat its arguments herein, the City incorporates those arguments herein as if stated verbatim. *See* Exhibit A(1), City's Motion to Dismiss, pp. 13-16; Exhibit A(2), Defendant City's Reply, pp. 7-9. For Baker's failure to assert, argue and satisfy those issues and standards, Baker has not established federal liability against the City. As a result, Plaintiff's Motion should be denied.

### G. Plaintiff's Motion Fails to Establish the Existence of a Fifth Amendment Violation.

Plaintiff's Motion focuses on Baker's Fifth Amendment takings claim, asserting that it is established as a matter of both fact and law. *See* Plaintiff's Motion, pp. 6-15. Plaintiff's Motion is without merit. As discussed in the City's Motion to Dismiss, a legitimate exercise of the City's police power through the operations of its police department to apprehend a suspect who has a hostage and was in a barricaded standoff does not constitute a taking under the Fifth Amendment. These issues are the same as those presented in the City's Motion to Dismiss, and related pleadings.

Rather than repeat its arguments herein, the City incorporates those arguments herein as if stated verbatim. *See* Exhibit A(1), City's Motion to Dismiss, pp. 4-10, 12-14, 16-17; Exhibit A(2), Defendant City's Reply, p. 9. Plaintiff's Motion, therefore, should be denied.

### H. **Plaintiff's Motion Fails to Establish the Existence of a State Law Takings Claim.**

Plaintiff's Motion asserts takings liability against the City under the Texas Constitution. Plaintiff's Motion, pp. 16-18. As mentioned previously, Plaintiff's Motion exceeds the court's page limitations for non-dispositive motions. *See* Section A, above. Baker's argument concerning her state law takings claim only appears after page 15 of Plaintiff's Motion, and should be stricken for her non-compliance with the court's local rules. *Id.* As a result, these state law takings issues should not be considered by the court, and Plaintiff's Motion should be denied.

If the court nonetheless considers this section of Plaintiff's Motion, then the City asserts that Baker's state law claim is actually tort-based. *See* Exhibit A(1), pp. 17-23; Exhibit A(2), pp. 9-10. Texas law, when applied to Baker's allegations and evidence, entitles the City to dismissal based upon its immunity defense. Governmental entities such as the City are immune from suit for claims arising out of their governmental functions, unless that immunity has been legally waived or some other basis exists upon which suit may be brought against a governmental entity. *See City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex. 1997); TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215 (listing governmental functions). Such immunity deprives a court of subject-matter jurisdiction over a governmental entity. *Tex. Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). Sovereign immunity for tort suits against a governmental entity is governed by the Texas Tort Claims Act. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109). The party who brings suit against a governmental entity has the burden of demonstrating that the governmental entity has either consented to suit or that immunity has been waived. *Tex. Nat.*

*Resource Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002). Baker's pleadings, and Plaintiff's Motion, both fail to satisfy those requirements.

True enough, governmental entities may not be immune from a suit alleging a takings claim under Article I, Section 17 of the Texas Constitution, the "takings clause." *State v. Holland,* 221 S.W.3d 639, 643 (Tex. 2007). The takings clause prohibits a governmental entity from taking, damaging or destroying private property for public use without providing adequate compensation, unless consented to by the property owner. *Id.* Damage or destruction of private property by a governmental entity without consent or compensation is a form of taking called inverse condemnation. *Tarrant Regional Water Dist. v. Gragg,* 151 S.W.3d 546, 554 (Tex. 2004). Such damage, however, must result from an intentional act of the government entity in order to establish liability against a governmental entity; damage caused by mere negligence of the governmental entity is not sufficient to establish an inverse condemnation claim, and in such cases the governmental entity's immunity remains intact. *Id.* (citing *City of Tyler,* 962 S.W.2d at 505).

To establish an inverse condemnation claim, therefore, the property owner must show (1) an intentional governmental act; (2) that resulted in the taking, damaging, or destroying of the owner's property; (3) for public use. *Singer v. State,* 391 S.W.3d 627, 631 (Tex.App.-El Paso 2012, pet. denied). For the governmental entity to be liable for an inverse condemnation claim based on property damage, the plaintiff must show that the governmental entity: (1) knows that a specific act is causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action, that is, the damage is necessarily an incident to, or necessarily a consequential result of, the government's action. *Gragg*, 151 S.W.3d at 555; *City of Dallas v. Jennings,* 142 S.W.3d 310, 314 (Tex. 2004).

To show the requisite intent to establish an inverse condemnation claim, "it is not enough

merely to allege that the act causing the damage was intentional." *Thornton v. Northeast Harris County MUD 1,* 447 S.W.3d 23, 33 (Tex.App-Houston [14th Dist.] 2014, pet. denied) (citing *Jennings,* 142 S.W.3d at 314 ("[t]his definition comports with the definition of 'intent' in the Restatement of Torts. . ."). The plaintiff must assert that the governmental entity knew a specific action was causing an identifiable harm, or that damage was substantially certain to occur. *Id*. This "heightened intent standard" applies whenever a plaintiff asserts an inverse condemnation claim based on property damage. *Id. See also City of Arlington v. State Farm Lloyds,* 145 S.W.3d 165, 168 (Tex. 2004) ("In *Jennings,* we held that a heightened intent standard is indeed necessary to support a takings claim . . ."). Neither Baker's pleadings nor Plaintiff's Motion satisfies these requirements. Moreover, Baker does not address the consent issue in the context of her call for police assistance to her residence. This is an area needing further discovery. *See* Exhibit A.

Baker asserts that she seeks monetary relief over $50,000. Complaint, p. 5; Plaintiff's Motion, p. 1. Baker's general assertion of damages is insufficient under Texas law. Baker fails to state the value of her residence before the alleged taking, and the diminution of value of the property at the time of the alleged taking. Monetary damages for inverse condemnation claims are based on the diminution of value of the property at the time of taking. *Barshop v. City of Houston,* 442 S.W.2d 682, 685 (Tex. 1969). No such allegation exists either in the Complaint or in Plaintiff's Motion. As a result, Baker fails to provide the City with fair notice of her claims to allow the City to prepare an adequate defense to such claims, and/or to be able to adequately challenge whether Baker is eligible to recover the monetary damages alleged. Baker thus fails to provide sufficient information on her inverse condemnation takings claim to support the alleged damages sought.

Further, the deficiencies of Baker's state law takings claims are presented in the City's

Motion to Dismiss, and related pleadings. Rather than repeat its arguments herein, the City incorporates those arguments herein as if stated verbatim. *See* Exhibit A(1), City's Motion to Dismiss, pp. 17-23; Exhibit A(2), Defendant City's Reply, pp. 9-10. Plaintiff's Motion, therefore, should be denied.

## V. CONCLUSION

For the above reasons, Plaintiff's Motion for Partial Summary Judgment should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant City of McKinney, Texas, prays that the court deny Plaintiff's Motion for Partial Summary Judgment in its entirety. The City also prays for all other relief to which it may be entitled.

Respectfully submitted,

By:    /s/ *Edwin P. Voss, Jr.*
       Edwin P. Voss, Jr.
       State Bar No. 20620300
       evoss@bhlaw.net
       Michael L. Martin
       State Bar No. 24108956
       mmartin@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas 75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEYS FOR DEFENDANT
CITY OF MCKINNEY, TEXAS

## CERTIFICATE OF SERVICE

"No certificate of service is required when a paper is served by filing it with the court's electronic-filing system." Rule 5(d)(1)(B) of the Federal Rules of Civil Procedure. This paper is served upon all counsel of record, therefore, because it was filed with the court's electronic-filing system on October 12, 2021. E.Dist.Loc.R. CV-5(c).

           */s/ Edwin P. Voss, Jr.*
           Edwin P. Voss, Jr.