UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICKI BAKER, | § | |
|         Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-0176-ALM |
| | § | |
| CITY OF McKINNEY, | § | |
| | § | |
|         Defendant. | § | |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR COMPENSATORY DAMAGES**

Defendant City of McKinney, Texas ("Defendant"), answers Plaintiffs' Complaint for Compensatory Damages ("Plaintiff's Complaint"), as follows.

**I. ANSWER**

1. Defendant admits the nature of Plaintiff's claims stated in paragraph 1 of Plaintiff's Complaint, but denies Plaintiff states a claim upon which relief can be granted.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Plaintiff's Complaint, as stated, and admits that Plaintiff's daughter called the McKinney Police Department on July 25, 2020.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Plaintiff's Complaint, as stated, and admits that the McKinney Police Department responded to Plaintiff's residence in response to a call for assistance regarding a barricaded person and hostage, and attempted to coerce the barricaded person to surrender using physical persuasive methods.

4. Defendant admits that it did not agree to compensate Plaintiff, and denies the remaining allegations of paragraph 4 of Plaintiff's Complaint.

5. Defendant admits that Plaintiff asserts the claims alleged in paragraph 5 of

Plaintiff's Complaint, and denies that Plaintiff has stated a claim upon which relief may be granted.

6. Defendant admits the allegations of paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations of paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations of paragraph 8 of Plaintiff's Complaint, but only to the extent Plaintiff has stated a claim upon which relief can be granted.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations of paragraph 10 of Plaintiff's Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of Plaintiff's Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of Plaintiff's Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of Plaintiff's Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of Plaintiff's Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of Plaintiff's Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Plaintiff's Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Plaintiff's Complaint.

Case 4:21-cv-00176-ALM   Document 25   Filed 12/03/21   Page 3 of 6 PageID #:  433

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Plaintiff's Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Plaintiff's Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of Plaintiff's Complaint, except that Defendant admits that Plaintiff and her daughter called the McKinney Police Department.

21. Defendant admits the allegations of paragraph 21 of Plaintiff's Complaint.

22. Defendant admits the allegations of paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations of paragraph 23 of Plaintiff's Complaint, as stated, and admits that the McKinney Police Department used various means of physical force to coerce Mr. Little to exit the residence, which means caused some physical damage to the residence.

24. Defendant admits the allegations of paragraph 24 of Plaintiff's Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of Plaintiff's Complaint, except that Defendant admits that there was some physical damage to the residence.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of Plaintiff's Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of Plaintiff's Complaint.

28. Defendant admits the allegations of paragraph 28 of Plaintiff's Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of Plaintiff's Complaint.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR COMPENSATORY DAMAGES** – Page 3

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of Plaintiff's Complaint.

31. Defendant admits the allegations of paragraph 31 of Plaintiff's Complaint.

32. Defendant admits the allegations of paragraph 32 of Plaintiff's Complaint, and denies that the case cited by Plaintiff entitles Plaintiff to recovery against Defendant.

33. Defendant denies the allegations of paragraph 33 of Plaintiff's Complaint, and denies that the case cited by Plaintiff entitles Plaintiff to recovery against Defendant.

34. Defendant denies the allegations of paragraph 34 of Plaintiff's Complaint, and denies that the case cited by Plaintiff entitles Plaintiff to recovery against Defendant.

35. Defendant denies the allegations of paragraph 35 of Plaintiff's Complaint.

36. Defendant admits the nature of Plaintiff's claims stated in paragraph 36 of Plaintiff's Complaint, but denies Plaintiff states a claim upon which relief can be granted, and denies that the case cited by Plaintiff entitles Plaintiff to recovery against Defendant.

37. Defendant admits the allegations of paragraph 37 of Plaintiff's Complaint.

38. Defendant admits the nature of Plaintiff's claims stated in paragraph 38 of Plaintiff's Complaint, but denies Plaintiff states a claim upon which relief can be granted, and denies that the case cited by Plaintiff entitles Plaintiff to recovery against Defendant.

39. Defendant denies the allegations of the Prayer paragraph of Plaintiff's Complaint, and denies that Plaintiff is entitled to the relief she seeks in this lawsuit.

## II.  AFFIRMATIVE DEFENSES

40. Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted as to all claims asserted by Plaintiff.

41. Defendant affirmatively pleads that no deprivation of Plaintiff's rights occurred with regard to the matters about which she complains.

42. Defendant affirmatively pleads that it did not engage in any actions that resulted in the violation of any of Plaintiff's federal or state constitutional rights.

43. Defendant affirmatively pleads that Plaintiff has failed to adequately allege and is unable to identify or prove any policy, practice, or custom that was the moving force behind any alleged violation of Plaintiff's constitutional or statutory rights. All claims against Defendant fail under the standards established in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

44. Defendant affirmatively pleads that the court does not have subject-matter jurisdiction over Plaintiff's claims.

45. Defendant affirmatively pleads that it cannot be liable to Plaintiff because the acts or omissions complained of by Plaintiff was not proximately caused by any constitutionally defective policy, practice or custom of Defendant.

46. Defendant affirmatively pleads that Plaintiff's claims are barred by legal intervening cause.

47. Defendant affirmatively pleads that Plaintiff's reliance on *Steele v. City of Houston* fails to establish liability under the Texas Constitution.

### III.  JURY DEMAND

48. Defendant demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendant City of McKinney prays that Plaintiff take nothing by this suit, that all relief requested by Plaintiff be denied, that Defendant recover from Plaintiff its costs of court, and Defendant prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

By:   /s/ *Edwin P. Voss, Jr.*
      Edwin P. Voss, Jr.
      State Bar No. 20620300
      evoss@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

"No certificate of service is required when a paper is served by filing it with the court's electronic-filing system."  Rule 5(d)(1)(B) of the Federal Rules of Civil Procedure.  This paper is served upon all counsel of record, therefore, because it was filed with the court's electronic-filing system on December 3, 2021, in compliance with E.Dist.Loc.R. CV-5(c).

      */s/ Edwin P. Voss, Jr.*
      Edwin P. Voss, Jr.