UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICKI BAKER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:21-CV-0176-ALM |
| CITY OF McKINNEY, TEXAS, | § | JURY |
| | § | |
| Defendant. | § | |

**DEFENDANT CITY OF McKINNEY'S MOTION IN LIMINE, AND BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of McKinney, Texas ("City"), pursuant to page 2 of the court's Scheduling Order, dated June 29, 2021 (ECF Doc No. 18), respectfully submits the following motion in limine. In support of this motion, the City respectfully shows the court the following:

**I.**

The City respectfully moves the court to exclude from evidence and to instruct Plaintiff Vicki Baker ("Plaintiff"), Plaintiff's counsel, and Plaintiff's witnesses, not to testify, not to seek to elicit testimony, and not to mention or refer to, or in any way advert to, in the presence of the jurors or prospective jurors, any of the following matters without first approaching the court and receiving leave from the court to raise the matter.

**II.**

**Requested Limine Item No. 1:**  Any testimony by any present or former member of the McKinney City Council regarding the incident giving rise to Plaintiff's claims, whether the City may pay or provide reimbursement to any person as compensation to owners of property foreseeably damaged as the result of lawful police activities, or any other matter that was reviewed, considered and/or acted upon by either the McKinney City Council or City employees. *See* Fed.R.Evid. 103(c),

**Defendant City of McKinney's Motion in Limine, and Brief - Page 1**

401-403.  The personal and subjective understandings, motives, thought processes and reasoning of individual City Council members regarding the City Council's legislative or City official's administrative decisions are not relevant to the determination of whether the City, as an entity, violated the constitutional rights of Plaintiff.  Fed.R.Evid. 401-403.  Inquiry into the motives of a decision-making body is disfavored precisely because what motivates one councilmember to vote or provide an opinion on a matter is not necessarily what motivates others to do so, and because decision makers may have voted or have an opinion for a variety of reasons.  *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Com'n*, 461 U.S. 190, 216 (1983); *Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 469-70 (1981).  *See also Three Expo Events, LLC. v. City of Dallas, Texas,* 182 F.Supp.3d 614, 629 (N.D. Tex. 2016) (In reviewing the constitutionality of a city's denial of convention center use for an adult-content convention, the court held that "[n]or should the court focus on the expressed views of individual councilmembers," citing *E. High Gay/Straight All. v. Bd. of Educ. of Salt Lake City Sch. Dist.*, 81 F.Supp.2d 1199, 1204 (D.Utah 1999)).  *See also City of El Paso v. Madero Dev. & Const. Co.*, 803 S.W.2d 396, 401 (Tex.App.-El Paso 1991, writ denied) ("Individual legislators are incompetent witnesses in regard to laws enacted because any law expresses the collective will of the legislative body and must be interpreted in that light."); *Clear Lake City Water Auth. v. Salazar*, 781 S.W.2d 347, 349-50 (Tex.App.-Houston [14th Dist.] 1989, writ denied); *Mayhew v. Town of Sunnyvale*, 774 S.W.284, 298-99 (Tex.App.-Dallas 1989, writ denied); *Sosa v. City of Corpus Christi*, 739 S.W.2d 397, 404 (Tex.App.-Corpus Christi 1987, no writ) (individual knowledge, lack of knowledge, understanding or thought process of any individual member of a governmental body such as a city council has no bearing upon the validity of the action taken.).  Moreover, to the extent that such reason or opinion is on a matter of law, that witness is not qualified or competent to testify on matters of law, since the court is the judge of the

law.  Fed.R.Evid. 401-403.

**Requested Limine Item No. 2:**  The testimony of any witness as to the City's "intent" in any regard.  As a matter of law, the City can only act through its elected officials and its duly authorized representatives.  The City's intent can only be established through its officially-adopted ordinances, policies and legislative decisions.  *City of Corpus Christi v. Bayfront Assocs.,* 814 S.W.2d 98, 105 (Tex.App.-Corpus Christi 1991, writ denied); Fed.R.Evid. 401-403.

**Requested Limine Item No. 3:**  Any testimony that the actions of the City have resulted in a taking or damaging of Plaintiff's property, have violated Plaintiff's constitutional rights, or is in any other way unconstitutional or unlawful, because each of the above-stated matters is a legal issue to be determined solely by the court and not by the jury.  The question of whether a police power action is proper or whether it constitutes a compensable taking is a question of law and not of fact.  *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 932-33 (Tex. 1998); Fed.R.Evid. 401-403. Whether government action has the requisite rational relationship to a legitimate government interest to satisfy constitutional requirements is a question of law.  *Id.*

**Requested Limine Item No. 4:**  Whether the City has made any effort to make redress to Plaintiff.  *See* Fed.R.Evid. 401-403, 407.

**Requested Limine Item No. 5:**  Any complaints or McKinney Police Department internal administrative investigations of any police officer or employee of the City of McKinney, regarding the incident at issue involving Plaintiff's property.  *See* Fed.R.Evid. 401-403, 404(b), 608, and 609.

**Requested Limine Item No. 6:**  Any complaints or McKinney Police Department internal administrative investigations of any police officer or employee of the City of McKinney, regarding any matter or allegation other than the incident at issue involving Plaintiff's property.  *See* Fed.R.Evid. 401-403, 404(b), 608, and 609.

**Requested Limine Item No. 7:**  Any references to the personnel history of any past or present McKinney Police Department employee, including past performance as a police officer, job ratings, and performance evaluations, other than information such as amount of time the individual was employed as a peace officer, amount of time employed as a McKinney police officer, state or other certifications, training received, and ranks held.  *See* Fed.R.Evid. 401-403, 404(b), 608, and 609.

**Requested Limine Item No. 8:**  Any incident other than the specific incident at issue in this civil action, in which any person allegedly was subjected to or incurred property damage as a result of the conduct of McKinney police officers.  *See* Fed.R.Evid. 401-403.

**Requested Limine Item No. 9:**  Any testimony based upon scientific, technical, or other specialized knowledge by a person whom Plaintiff has not designated as an expert witness in disclosures made pursuant to the Federal Rules of Civil Procedure.  *See* Fed.R.Civ.P. 26(a), 37(c); Fed.R.Evid. 702.

**Requested Limine Item No. 10:**  Any newspaper, magazine, or other news account pertaining to the incident in question or this lawsuit.  *See* Fed.R.Evid. 801-805.

**Requested Limine Item No. 11:**  The effect, if any, which a verdict or judgment in this case might have upon the future conduct of the City, or City employees, specifically or in general.  *See* Fed.R.Evid. 401-403.

**Requested Limine Item No. 12:**  The making of this motion or the court's consideration or disposition of this motion.  *See* Fed.R.Evid. 103(c); 401-403.

**Requested Limine Item No. 13:**  Any bond or policy of insurance or contract, assurance, agreement or arrangement by which any person, corporation or other entity is obligated to pay any

**Defendant City of McKinney's Motion in Limine, and Brief - Page 4**

judgment against the City or to indemnify it or hold it harmless in the event of a judgment against it. *See* Fed.R.Evid. 401-403; Tex.Civ.Prac. & Rem. Code Ann., § 101.104.

**Requested Limine Item No. 14:**  Any statement or comment made by counsel or the court outside the hearing of the jury, or any such statement or comment attributed to counsel or the court. *See* Fed.R.Evid. 401-403.

**Requested Limine Item No. 15:**  Any request before the jury that the City or its counsel produce any document or item from their file.  Fed.R.Evid. 502.

### III.  ARGUMENT AND AUTHORITIES

In addition to the authorities set forth above, the bases for this motion are as follows: (1) the evidence pertaining to the matters set forth above are not relevant to any material issue in this civil action and, even if the evidence is relevant, its probative value is substantially outweighed by its prejudicial impact and the confusion that such evidence would cause to the jurors; (2) testimony from members of the McKinney City Council are legally irrelevant; and (3) a party must disclose a witness as an "expert" in order to present expert testimony through that witness. *See* Fed.R.Civ.P. 26(a)(2) and 37(c); Fed.R.Evid. 402, 403, 407, 702, 703.

WHEREFORE, PREMISES CONSIDERED, Defendant City of McKinney, Texas, prays that the court grant this motion and exclude from evidence and to instruct Plaintiff Vicki Baker, Plaintiff's counsel, and Plaintiff's witnesses, not to testify, not to seek to elicit testimony, and not to mention or refer to, or in any way advert to, in the presence of the jurors or prospective jurors, any of the above matters without first approaching the court and receiving leave from the court to raise the matter; and the City prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

By:  ___/s/ *Edwin P. Voss, Jr.*_____
        Edwin P. Voss, Jr.
        *Lead Attorney*
        State Bar No. 20620300
        evoss@bhlaw.net
        Michael L. Martin
        State Bar No. 24108956
        mmartin@bhlaw.net
BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEYS FOR DEFENDANT
CITY OF MCKINNEY, TEXAS

## CERTIFICATE OF SERVICE

"No certificate of service is required when a paper is served by filing it with the court's electronic-filing system."  Rule 5(d)(1)(B) of the Federal Rules of Civil Procedure.  This paper is served upon all counsel of record, therefore, because it was filed with the court's electronic-filing system on March 1, 2022.  E.Dist.Loc.R. CV-5(c).

                                      */s/ Edwin P. Voss, Jr.*_____
                                      Edwin P. Voss, Jr.

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), on March 1, 2022, the undersigned counsel complied with the meet and confer requirements in Local Rule CV-7(h), by discussing the relief sought in this motion on the telephone with Plaintiff's counsel, Messrs. Jeffrey Redfern and Suranjan Sen.  After discussion, Plaintiff's counsel stated that Plaintiff was not opposed to Requested Limine Item Nos. 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15, and that Plaintiff was opposed to Requested Limine Item Nos. 1, 2, 3, 4 and 8.  Agreement, therefore, could not be reached regarding Requested Limine Item Nos. 1, 2, 3, 4 and 8.  Discussions have conclusively ended in an impasse on those items.  Those matters are an open issue and are thus presented to the court to resolve.

> */s/ Edwin P. Voss, Jr.*
> Edwin P. Voss, Jr.

**Defendant City of McKinney's Motion in Limine, and Brief - Page 7**