# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
(Sherman Division)

| | |
|---|---|
| Vicki Baker, *Plaintiff*, v. City of McKinney, Texas, *Defendant*. | Case No.: 4:21-CV-0176-ALM |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF MCKINNEY'S MOTION TO REOPEN DISCOVERY**

**INSTITUTE FOR JUSTICE**

Jeffrey Redfern (D.C. Bar No. 1018046)
  *Lead Attorney*
Suranjan Sen (Tenn. Bar No. 038830)
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
Fax: (703) 682-9321
Email: jredfern@ij.org; ssen@ij.org

*Attorneys for Plaintiff*

Before this Court is the City's motion to reopen discovery for the purpose of deposing Ms. Baker. Def. Mot. & Br. (ECF 30). The City offers no legitimate explanation for its failure to conduct discovery prior to the deadline that the City itself proposed, nor does the City explain why a modification of the scheduling order is necessary. For her part, Ms. Baker is prepared to question the City's witnesses at trial, without the benefit of a dress rehearsal in the form of a deposition; the City can do the same.

## I.  Factual Summary

On June 29, 2021, this Court issued a scheduling order specifying that there would be five months of discovery in this case. (ECF 18). And a full month before that, the City already knew it wished to depose Ms. Baker. (ECF 30, at 4; ECF 13, at 5–6.). Nevertheless, the City did not attempt to conduct any discovery beyond initial disclosures.

On September 20, 2021, Ms. Baker filed a motion for partial summary judgment concerning the City's liability. (ECF 19.) On October 12, 2021, the City stated that it needed to conduct discovery before it could respond to Ms. Baker's motion. Exhibit A to Def. Response (ECF 20-1). Still, with more than a month of discovery period remaining, the City made no attempt to conduct any discovery.

On November 18, 2021, this Court denied the City's motion to dismiss. (ECF 23.) With eleven days of discovery remaining, the City neither attempted to conduct

discovery nor requested a modification of this Court's schedule. Instead, the parties entered into settlement negotiations, which failed. (ECF 28.)

On February 25, 2022, the City filed a motion to reopen discovery for the purpose of deposing Ms. Baker. (ECF 30.) In the meantime, this Court has scheduled a pre-trial conference to take place on March 31, 2022, for a trial tentatively set to be held between May 2, 2022, and June 3, 2022. (ECF 18.)

## II. Argument

### A. Legal Standard

"Under Federal Rule of Civil Procedure 16(b)(4), '[a] [scheduling order] may be modified only for good cause and with the judge's consent.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations in original). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'" *Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (citation omitted) (alterations in original). The movant bears the "burden to show good cause." *Id*. Moreover, a failure to meet any one of the four factors requires that the motion to amend be denied. *See id*. (movant did not explain importance of the modification); *Squyres*, 782 F.3d at 238 (movant did not explain failure to comply with scheduling order).

### B. There is No Good Cause to Reopen Discovery

The City has not adequately explained (1) its failure to conduct discovery or (2) the importance of deposing Ms. Baker, as opposed to asking its questions at trial. Accordingly, the City's motion should be denied.

*1. The City's expectation that its motion to dismiss would be granted does not excuse its failure to pursue discovery diligently.*

To satisfy the first factor suggesting good cause, the City must "show that the deadlines [could not] reasonably be met despite [the City's] diligence." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citation omitted). The City never suggests that it was diligent in pursuing discovery—nor can it.[1]

Before the discovery period even began, the City was well aware both of Ms. Baker's knowledge of facts pertaining to this case and of this Court's scheduling deadlines. *See* Def. Br. at 4–5. In fact, the City proposed the November 29, 2021 discovery deadline. (ECF 13, at 5.) Nevertheless, during the *five-month* period set by this Court for discovery, the City made no attempt at conducting any discovery

---

[1] The City's discussion of the parties' settlement negotiations is a red herring. Those negotiations took place more than a month *after* the cutoff date for discovery. *See* Plaintiff's Notice of Alternative Dispute Resolution Summary, filed February 22, 2022. (ECF 28.) They are entirely irrelevant to the question at hand—whether the City diligently pursued discovery *before* the discovery period ended. *See infra* note 2.

4

(aside from initial disclosures). Under such circumstances, courts do not find good cause to amend scheduling orders.[2]

Moreover, the City's failure to conduct discovery was a deliberate choice. The City notes that its "Motion to Dismiss, if granted, would have resulted in dismissal of this case[.]" (ECF 30, at 4.) In other words, the City *chose* not to conduct discovery because it expected that this Court would grant its motion to dismiss. There was thus no external circumstance beyond the City's control preventing it from conducting discovery[3]; instead, the City took a gamble—and lost. Given that the resulting "delay in scheduling [Ms. Baker's] deposition was self-imposed," the City cannot now seek to rectify its own deliberate tactical error. *Squyres*, 782 F.3d at 238.

2. *The City has not explained the importance of deposing Ms. Baker prior to trial.*

The City asserts that certain matters it wishes to discover are important to its defense. (ECF 30, at 6.) It never attempts, however, to answer the actual question

---

[2] *See, e.g.*, *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 238 (5th Cir. 2015) ("Squyres . . . [knew] that there was a possibility he would amend his complaint to include a fraudulent misrepresentation claim. Despite this knowledge, Squyres then waited almost a year to seek leave to amend his complaint."); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) ("[The plaintiffs] had been aware of the factual underpinnings of the [new] fraud claim for some time, and . . . they had not been diligent in pursuing the claim").

[3] Such as a hurricane. *See Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) ("Hurricane Harvey hit coastal Texas near the end of August 2017, disrupting multiple eleventh-hour depositions the parties had planned.").

at hand—"the importance of the modification" to the scheduling order. *See Springboards*, 912 F.3d at 819 (brackets omitted); *Meaux Surface Prot., Inc. v. Fogelman*, 607 F.3d 161, 167 (5th Cir. 2010) ("The court recognized that *the amendment* was very important to Meaux's case." (emphasis added)). Put another way, the relevant inquiry is not whether certain facts are relevant to this case; instead the inquiry is whether it is important that the City depose Ms. Baker prior to trial.

Because the City has not indicated any intention to file a motion for summary judgment (which would be untimely in any event), the only purpose for a deposition would be as a dress rehearsal for trial. *Cf. Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 497 (S.D. Tex. 2009) (assuming that the purpose of taking depositions after discovery has closed is to support a dispositive motion). Yet however much the City might *like* to have a dress rehearsal, there is no reason it cannot ask all the questions that it wants to ask at trial. This is not a factually complicated case. Notably, Ms. Baker has not taken any depositions either, yet she is prepared to question witnesses from the City for the first time at trial.

More fundamentally, the City does not explain how most of the facts it wishes to discover are relevant to this case. As to "issues of consent and intent,"[4] a person does not consent to the uncompensated destruction of her home merely by inviting

---

[4] (ECF 30, at 5.)

officers inside.[5] Nor is it clear how "the relationship between Mr. Little and Plaintiff and Plaintiff's family members," or how friends and family helped Ms. Baker repair her home,[6] is at all relevant to this case. Absent further explanation, the City's request to reopen discovery must be denied. *See Springboards*, 912 F.3d at 819 ("Springboards failed to elaborate on its need for the missing evidence in either its pre-deadline motion to extend or its post-deadline motion to amend.").

## CONCLUSION

For the above reasons, this Court should deny the City's Motion to Reopen Discovery.

DATED: March 11, 2022                Respectfully Submitted:

/s/ Jeffrey Redfern
Jeffrey Redfern (D.C. Bar No. 1018046)
  *Lead Attorney*
Suranjan Sen (Tenn. Bar No. 038830)
Institute for Justice
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
Fax: (703) 682-9321
Email: jredfern@ij.org; ssen@ij.org

*Attorneys for Plaintiff*

---

[5] *Compare Carpenter v. Parmer County*, 51 S.W.2d 829, 830 (Tex. App. 1932) ("[C]onsent to an entry upon the land is not construed as an abandonment of the right to have compensation[.]"), *with Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1515 (5th Cir. 1989) (owner gave consent by "lobb[ying] for the restoration project and then declin[ing] the District's offer to stop construction when damage first appeared").

[6] (ECF 30, at 5.)

7