# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| VICKI BAKER, §<br>§<br>Plaintiff, §<br>§<br>§<br>v. §<br>§<br>§<br>CITY OF MCKINNEY, TEXAS, §<br>§<br>Defendant. §<br>§ | Civil Action No.  4:21-CV-00176<br>Judge Mazzant |

## FINAL INSTRUCTIONS TO THE JURY

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments

rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiff or the Defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. All persons, including municipalities, are equal before the law and must be treated as equals in a court of justice.

## PARTY REFERENCES

As you know, the Plaintiff in this case is Vicki Baker, who I will refer to as "Ms. Baker," and the Defendant in this case is the City of McKinney, Texas, who I will refer to as "the City."

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Ms. Baker has the burden of proving her case by a preponderance of the evidence. Unless otherwise instructed, you must answer all questions from a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. Let me give you the example I gave at the beginning of trial. Take the evidence and imagine that it is equally balanced on a scale, so that both sides of the scale are even. Now take a feather and add it to one side of the scale, so that the scale tips ever so slightly in that direction. That is a preponderance of the evidence.

If you find that Ms. Baker has failed to prove any element of a claim by a preponderance

of the evidence, then Ms. Baker may not recover on that claim.

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on

the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Law-Enforcement Officer Testimony**

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

**Impeachment by Witness's Inconsistent Statement**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**INSTRUCTION REGARDING JUROR QUESTIONS**

As I told you in my preliminary instructions, I have given you the opportunity to give me written questions anonymously after a witness testified when you had an important question of the witness that was strictly limited to the substance of the witness' testimony. Remember that I asked you not to be offended if I did not present your question to be answered by the witness. You should not speculate on the answer to any unasked question and you should not speculate on or consider any facts or events outside the testimony and exhibits you have heard and seen in this courtroom.

**STIPULATIONS OF FACT**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. Here, the parties have stipulated to the following:

1. The events that form the bases of Ms. Baker's claims occurred in McKinney, Texas, on or about July 25, 2020.

2. The City of McKinney is a municipal corporation located in Collin County, Texas.

3. Mr. Wesley Little, who was wanted in connection with a missing fifteen-year-old female ("H.G."), previously evaded McKinney Police Department officers in a car chase on July 25, 2020.

4. Within the next hour, Mr. Little (and H.G.) arrived at Ms. Baker's former residence at 3600 Vista Verde Trail in the City of McKinney. Ms. Baker's adult daughter, Ms. Deanna Cook, lived at the residence and answered the door. Mr. Little reported that he wanted to enter the residence. Ms. Cook let them in, then left the premises.

5. Ms. Baker and Ms. Cook called the McKinney Police Department from a Walmart

parking lot in the City.

6. McKinney Police Department personnel met Ms. Cook at the Walmart parking lot, and Ms. Cook gave the McKinney Police Department a code to open the garage door, and a code to open the front door.

7. McKinney Police Department personnel proceeded to Ms. Baker's residence and surrounded it, and demanded that Mr. Little release the teenage girl hostage and come out of the residence. Mr. Little refused. A standoff ensued.

8. Eventually, the teenage hostage left the house unharmed, but Mr. Little refused to leave Ms. Baker's residence. The hostage reported to the police that Mr. Little had several guns and told her that he did not intend to leave the house alive.

9. McKinney Police Department personnel then attempted to physically force Mr. Little to exit the premises, but those attempts were unsuccessful.

10. McKinney Police Department later discovered that Mr. Little had barricaded himself in an upstairs bedroom of the residence and had taken his own life.

## CAUSES OF ACTION

**I.   TAKINGS CLAIM UNDER THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

Ms. Baker claims that the City violated her rights guaranteed by the Fifth Amendment of the United States Constitution. The Fifth Amendment, made binding on the States through the Fourteenth Amendment, prohibits the government from taking private property for public use, without just compensation. This is commonly referred to as a "taking." Thus, the Fifth Amendment does not prohibit the taking of private property, but instead places a condition on the exercise of that power. In other words, it is not designed to limit the governmental interference with property rights, per se, but rather to secure just compensation in the event of otherwise proper interference

that amounts to a taking.

In this case, the Court has already determined that the City's actions constituted a taking of Ms. Baker's property without just compensation, and thus a violation of Ms. Baker's Fifth Amendment rights. For Ms. Baker's claim under the Fifth Amendment, you will only be asked to determine the amount necessary to justly compensate Ms. Baker for the City's unlawful taking of her property. Specific instructions on how to measure damages for this claim are provided in the "Damages" section below.

## II. TAKINGS CLAIM UNDER ARTICLE I, SECTION 17 OF THE TEXAS CONSTITUTION

Ms. Baker claims that the City violated her rights guaranteed by Article I, Section 17 of the Texas Constitution. Article I, Section 17 of the Texas Constitution prohibits the government from taking, damaging, or destroying a person's property for or applied to public use without adequate compensation being made. This is commonly referred to as a "taking."

In this case, the Court has already determined that the City's actions constituted a taking of Ms. Baker's property without adequate compensation, and thus a violation of Ms. Baker's rights under Article I, Section 17 of the Texas Constitution. For Ms. Baker's claim under the Texas Constitution, you will only be asked to determine the amount necessary to compensate Ms. Baker for the City's unlawful taking of her property.

## III. TAKINGS CLAIM UNDER TITLE 42, UNITED STATES CODE, SECTION 1983

Ms. Baker claims that the City violated Title 42, United States Code, Section 1983. Title 42, United States Code, Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law. Here, the action Ms. Baker claims violated her constitutional rights was the City's taking of her private property without

providing her with just compensation. Any actions taken by the McKinney Police Department are not relevant to your deliberations.

You will be asked to determine whether the City is liable for a violation of Title 42, United States Code, Section 1983. A city is not liable for the actions of its employees unless the constitutional violation was caused by a city policy or custom.

To prevail on this claim, Ms. Baker must prove by a preponderance of the evidence, each of the following three elements:

> **First**, that the acts complained of were committed by the City acting under color of state law;
>
> **Second**, that in committing these acts, the City deprived Ms. Baker of rights, privileges, or immunities secured by the Constitution or laws of the United States; and
>
> **Third**, that the City's acts proximately caused the injuries sustained by Ms. Baker.

In this case, the Court has already determined that Ms. Baker proved the second element—that the City violated Ms. Baker's Fifth Amendment rights. Therefore, you will only be asked to decide the first and third elements of Ms. Baker's Section 1983 claim.

You should use the following instructions and definitions in your deliberations on this claim:

    **A.**     **Element 1: Whether the City acted under color of state law.**

As to the first element, to show that the City acted "under color of state law," Ms. Baker must prove by a preponderance of the evidence that her Fifth Amendment rights were violated because of a City policy, practice, or custom. You must find that (1) such policy, practice, or custom existed; (2) that the policy, practice, or custom was either promulgated by the City's

policymakers or by those whose acts may fairly be said to represent official policy; and (3) that the policy, practice, or custom was the moving force leading to the violation of Ms. Baker's constitutional rights.

A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City's officers.

A "custom" is a persistent, widespread practice of City officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents City policy. But to show a custom, Ms. Baker must prove that either the City's governing body of some official with policymaking authority knew or should have known about the custom.

Ms. Baker may establish a custom or policy based on an isolated decision made in the context of a particular situation if the decision was made by an authorized policymaker in whom final authority rested regarding the action order.

**B. Element 3: Whether the City's acts proximately caused Ms. Baker's injuries.**

As to the third element, Ms. Baker must show by a preponderance of the evidence that the City's acts proximately caused her injuries. "Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

If you find that the City's violation of Ms. Baker's Fifth Amendment rights was done under color of state law, and that this violation proximately caused Ms. Baker's injuries, you will also be asked to find the amount of damages Ms. Baker incurred as a result of the City's violation.

## DAMAGES

If Ms. Baker has proved a claim against the City by a preponderance of the evidence, you must determine the damages to which Ms. Baker is entitled. As a reminder, the Court has already found that the City is liable under the Fifth Amendment of the United States Constitution and Article I, Section 17 of the Texas Constitution. However, you should not interpret the fact that I am giving instructions about Ms. Baker's damages as an indication in any way that I believe Ms. Baker should, or should not, win her claim brought under Title 42, United States Code, Section 1983. It is your task to first decide whether the City is liable under Section 1983.

Unless otherwise instructed, you should not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss. Additionally, you should not include in your calculation an amount of interest, if any, on damages.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require Ms. Baker to prove the amount of losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In answering questions about damages, answer each question separately.  Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what a party's ultimate recovery may or may not be. The Court will determine Ms. Baker's overall recovery, if any, when it applies the law to your answers at the time of judgment.

For a taking committed in violation of the Fifth Amendment and Section 1983, a property

owner is entitled to "just compensation." For a taking committed in violation of the Texas Constitution, a property owner is entitled to "adequate compensation." For the purpose of your deliberations, "just compensation" and "adequate compensation" have the same meaning.

To be "justly compensated," a property owner is entitled to be put in as good a position financially as if their property had not been taken. The property owner must be made whole, but is not entitled to more.

In determining just compensation, you should not consider what the State of Texas or the City has gained as a result of the taking or any benefits or injuries which might be shared by the general public. You should also not reduce the amount, if any, in your answer because of the negligence, if any, of Ms. Baker.

## I. Loss of Real Property

In determining the sum of money that will "justly compensate" Ms. Baker for the loss of her real property, "just compensation" is calculated based on the reasonable cost in Collin County, Texas, to repair the property to the condition it was in immediately before the taking occurred. You are instructed that the taking in this case occurred on July 25, 2020.

In considering the amount of money that would "justly compensate" Ms. Baker based on the reasonable cost of repairing her real property, consider whether the repairs that actually were performed were necessary, whether the cost of repairs was reasonable, and whether and by how much the need to perform such repairs would have lowered the fair market value of the property in the eyes of a prospective buyer.

## II. Loss of Personal Property

In determining the sum of money that will "justly compensate" Ms. Baker for the loss of her personal property, "just compensation" is based on the fair market value of the property at the

time the taking occurred.

"Fair market value" means the amount that would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity of selling, and both sides are fully informed about all the advantages and disadvantages of the property. Fair market value must be determined at the time of the taking, considering the property's highest and most profitable use, if then offered for sale in the open market, with a reasonable time allowed to find a buyer. You may consider any aspect of the property that could have affected the amount a reasonable buyer would be willing to pay. The burden is on the property owner to prove, by a preponderance of the evidence, the fair market value of the property on the date of the taking.

The highest and most profitable use of the property is the use for which it was actually and potentially suitable and adaptable. It is not necessarily what the owner was using the property for at the time of the taking.

In calculating the fair market value of Ms. Baker's personal property, you may consider any reasonable depreciation that would impact the property's value at the time of the taking.

### DUTY TO DELIBERATE AND JUROR NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory

differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

 **SIGNED this 22nd day of June, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE