# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| VICKI BAKER, § § *Plaintiff,* § § v. § § CITY OF MCKINNEY, TEXAS, § § *Defendant.* § | Civil Action No. 4:21-cv-176 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Reelection of Remedy (Dkt. #99) and Defendant City of McKinney's Motion to Dismiss Plaintiff's Remaining State Law Claim (Dkt. #102). Having considered the Motions, the relevant pleadings, the Fifth Circuit's Opinion in *Baker v. City of McKinney, Texas*, 84 F.4th 378 (5th Cir. 2023), *cert. denied*, 145 S. Ct. 11 (2024), and the applicable law, the Court finds as follows:

1. Plaintiff's Reelection of Remedy (Dkt. #99) should be **GRANTED**; and
2. Defendant City of McKinney's Motion to Dismiss Plaintiff's Remaining State Law Claim (Dkt. #102) should be **DENIED**.

## BACKGROUND

This case involves an alleged taking. The facts underlying this dispute are chronicled in detail in the Court's previous Memorandum Opinion and Order (Dkt. #51), which the Court incorporates here by reference.[1] Accordingly, below, the Court recounts only those facts that are necessary to the resolution of the instant Motion.

---

[1] As explained herein, the Court recognizes that the Fifth Circuit subsequently reversed the Court's determination that the City's damage to and destruction of Baker's house and personal property amounted to a compensable taking under the Fifth Amendment. *Baker*, 84 F.4th at 389. However, the Fifth Circuit did not do so based upon an errant fact finding by the Court. *See id*. Thus, the Court's prior recitation of the facts is sufficient to incorporate here.

On April 29, 2022, the Court granted Plaintiff Vicki Baker's ("Baker") Motion for Partial Summary Judgment (Dkt. #51; Dkt. #19). As relevant here, the Court's Order resolved two key issues at summary judgment. First, the Court found the City of McKinney, Texas (the "City") liable under the Fifth Amendment as a matter of law because Baker established that the City took her property without just compensation (Dkt. #51 at p. 29). Second, the Court determined as a matter of law that the City violated Article I, Section 17 of the Texas Constitution when it refused to compensate Baker for the damage it caused her home (Dkt. #51 at p. 33).

The parties tried this case to a jury from June 20 to June 22, 2022 (*See* Dkt. #65; Dkt. #68). On June 22, 2022, the jury returned a verdict in Baker's favor (Dkt. #74). The jury found that the City acted under color of state law when it violated Baker's Fifth Amendment rights and that the City's refusal to compensate Baker for her lost property proximately caused her $44,555.76 for her home and $15,100.83 for her personal property (Dkt. #74). Given the Court's prior determinations that the Fifth Amendment is self-executing, that the City's refusal to compensate Baker constituted a Fifth Amendment violation, and that the City's refusal violated the Texas Constitution, Baker was given three options under which to pursue her judgment: (1) under the Fifth Amendment directly; (2) under § 1983; or (3) under the Texas Constitution (*See* Dkt. #71; *Baker*, 84 F.4th at 382). Baker elected to recover under her § 1983 claim (Dkt. #71).

On July 20, 2022, the City filed a Renewed Motion for Judgment as a Matter of Law (Dkt. #84) and a Motion for New Trial (Dkt. #85). The Court denied both Motions (Dkt. #93; Dkt. #94). The City's Notice of Appeal followed (Dkt. #95). The City's appeal challenged each of the Court's Orders adverse to it, including as relevant here, the Court's Memorandum Opinion and Order granting Plaintiff's Motion for Partial Summary Judgment (Dkt. #51; Dkt. #95). On appeal, the

2

Fifth Circuit held that "the Takings Clause does not require compensation for damaged or destroyed property when it was objectively necessary for officers to damage or destroy that property in an active emergency to prevent imminent harm to persons." *Baker*, 84 F.4th at 388. Accordingly, the Fifth Circuit reversed the Court's Fifth Amendment determination, vacated the § 1983 judgment in Baker's favor, and remanded the matter to the Court for further proceedings. *Id.* at 389. Critically, however, the Fifth Circuit declined to reach the viability of Baker's claim under the Texas Constitution because she elected to pursue relief under § 1983. *Id.* at 388.

In response to the Fifth Circuit's vacatur and dismissal of Baker's federal claims, Baker and the City filed competing Motions (Dkt. #99; Dkt. #102). First, on December 3, 2024, Baker filed a Reelection of Remedy, through which she seeks to pursue judgment on her claim under the Texas Constitution (Dkt. #99). On December 16, 2024, the City responded in opposition (Dkt. #101). Baker replied on December 19, 2024 (Dkt. #103). On December 23, 2024, the City filed a Sur-Reply (Dkt. #105). Separately, on December 16, 2024, the City filed a Motion to Dismiss Plaintiff's Remaining State Law Claim for lack of supplemental jurisdiction (Dkt. #102). Through it, the City seeks to dismiss Baker's remaining Texas constitutional claim because, so it argues, the Fifth Circuit's dismissal of Baker's federal claims divested the Court of supplemental jurisdiction over her remaining state law claim (Dkt. #102). Baker responded on December 19, 2024 (Dkt. #104). The City replied on December 23, 2024 (Dkt. #106).

Finally, on March 21, 2025, Baker filed a Notice of Supplemental Authority to inform the Court of a recent Supreme Court of Texas opinion, *Commons of Lake Houston, Ltd. v. City of Houston*, No. 23-0474, 2025 WL 876710 (Tex. Mar. 21, 2025) (Dkt. #107). Baker directs the Court to *Commons of Lake Houston* to bolster her claim that *Steele v. City of Houston*—a case upon which

the Court relied in determining that the City violated the Texas Constitution—remains good law (Dkt. #107; Dkt. #51 at pp. 32–33). On March 24, 2025, the City responded, urging the Court to "disregard" *Commons of Lake Houston* as inapposite (Dkt. #108).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

28 U.S.C. § 1367 governs supplemental jurisdiction. Under § 1367(a):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.[2]

"The question under [S]ection 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

## ANALYSIS

The parties ask the Court to resolve two procedural questions, each of which bears upon the other. First comes Baker. With her federal claims dismissed, Baker now seeks to reelect her remedy and pursue redress via her Texas Takings claim instead of her previously elected § 1983 claim (*Compare* Dkt. #99, *with* Dkt. #71). The City disagrees (Dkt. #101). In the City's view, Baker's reelection would be improper because the dismissal of Baker's federal claims "undermin[es] the legal basis supporting [Baker]'s takings claim under state law" (Dkt. #101 at p. 1). Then comes the City. In its Motion, the City argues that the dismissal of Baker's federal claims divested the Court of supplemental jurisdiction over her Texas Takings claim (Dkt. #102 at p. 1). The Court first addresses the jurisdictional question then turns to Baker's reelection.

---

[2] As the Court previously explained in its prior Memorandum Opinion and Order, the parties do not dispute that diversity jurisdiction under 28 U.S.C. § 1332 is unavailable because the amount in controversy is less than $75,000 (Dkt. #23 at p. 6 n.2). Thus, § 1367 is the only avenue by which the Court may retain jurisdiction over Baker's state law claim.

I.  **Supplemental Jurisdiction**

The Court begins, as it must, with jurisdiction. *TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 680 (5th Cir. 1999). The City urges the Court to dismiss Baker's remaining state law claim due to the Fifth Circuit's dismissal of her only federal claims (Dkt. #102). Although the Court has already established—and the Fifth Circuit has confirmed—that it properly exercised supplemental jurisdiction over Baker's Texas Takings claim, the recent change in circumstances warrants a second look (Dkt. #23 at pp. 6–7; *Baker*, 84 F.4th at 382 n.2). The narrow question is whether the Court may retain jurisdiction over Baker's state law claim after the federal claims against the City have been dismissed. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)). The short answer is yes, though the Court must first perform a factors analysis to arrive at its conclusion.

28 U.S.C. § 1367(c) authorizes a court to decline to exercise supplemental jurisdiction over a state law claim if:

(1)  the claim raises a novel or complex issue of State law;
(2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
(3)  the district court has dismissed all claims over which it has original jurisdiction; or
(4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Here, the second and third factors counsel in favor of declining jurisdiction. After the Fifth Circuit reversed the Court's Summary Judgment Order finding that the City's damage or destruction to Baker's house and personal property was a compensable taking under the Fifth Amendment, no claims of original jurisdiction remained and, thus, state law claims dominated. *Baker*, 84 F.4th at 389; *see Mendoza*, 532 F.3d at 346. But the first two factors are not dispositive. *Mendoza*, 532 F.3d

at 346. And here, as in *Mendoza*, "they are counterbalanced by other concerns." *Id.* Indeed, the first factor is not so cut and dry. Certainly, Baker's state law claim *did* raise a novel or complex issue of State law—namely, the breadth of protection offered by the Texas Constitution's Takings Clause (*See* Dkt. #1 at pp. 7–8). TEX. CONST. art. I, § 17. But the Court has already resolved that issue and finds no reason to revisit that analysis (Dkt. #51 at pp. 31–33). Consequently, as it stands now, the Court has no more state issues to resolve other than Baker's request to reelect her remedy (Dkt. #99). But as the following analysis demonstrates, that issue is neither novel nor complex. *See infra* Section II. Hence, the first factor favors retention.

Further, the statutory factors are not the only relevant considerations. The common law interests of judicial economy, convenience, fairness, and comity overwhelmingly support the Court's retention of supplemental jurisdiction. *See Mendoza*, 532 F.3d at 346. Baker filed her Complaint in March of 2021 (Dkt. #1). This case has already proceeded through a full trial on the merits, a final jury verdict, and a subsequent appeal and remand from the Fifth Circuit. Put simply, this case is on the goal line. The Court has only one more issue to resolve: Baker's reelection of remedy (Dkt. #99). Dismissing this case for want of jurisdiction at this late stage and requiring Baker to refile in state court post-trial, after more than four years of active litigation, would be fundamentally unfair to her. *See, e.g.*, *Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed *before trial*, . . . the state claims should be dismissed as well.") (emphasis added); *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated *before trial*, but this rule is neither mandatory nor absolute . . . .") (emphasis added). Not only that, but the Court is "substantial[ly] familiar[] with the merits of the

7

case," *Parker*, 972 F.2d at 587, such that "further proceedings in the district court would prevent redundancy and conserve scarce judicial resources." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 228 (5th Cir. 1999). Accordingly, given the vast judicial resources already expended to arrive at this current stage and the minimal state law analysis needed to finally resolve this dispute, the Court will exercise its "wide discretion" to retain supplemental jurisdiction over Baker's Texas Takings claim. *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999).

## II.  Reelection of Remedy

That leaves Baker's reelection. Through it, she seeks to recover judgment under her Texas Takings claim now that the Fifth Circuit has vacated the judgment on her previously elected § 1983 claim. Thus, she asks the Court to "reenter judgment pursuant to Article I, Section 17 of the Texas Constitution, including pre- and post-judgment interest and costs" (Dkt. #99 at p. 1). The City opposes Baker's reelection because "the case was not tried to the jury on both federal and state theories, and the jury did not find for [Baker] under both federal and state claims" (Dkt. #101 at p. 4). In the City's view, because the success of Baker's Texas Takings claim was premised on her (now dismissed) Fifth Amendment claim, "there is no state remedy available to [Baker] to 'reelect' in this case" (Dkt. #101 at p. 6). The Court disagrees.

"Federal courts follow Texas substantive law on the election of remedies when it comes to state law claims." *Whiteside v. Cimble Corp.*, No. 4:17-CV-404-KPJ, 2024 WL 3825237, at *4 (E.D. Tex. Aug. 14, 2024). The purpose of the election doctrine is to "prevent a party who has obtained a specific form of remedy from obtaining a different and inconsistent remedy for the same wrong." *Fina Supply, Inc. v. Abilene Nat'l Bank*, 726 S.W.2d 537, 541 (Tex. 1987). The doctrine "operates to prevent a plaintiff from recovering twice for the same wrong, not to prevent a plaintiff

8

from recovering once." *Malvino v. Delluniversita*, 840 F.3d 223, 234 (5th Cir. 2016) (citing *Vickery v. Vickery*, 999 S.W.2d 342, 373 (Tex. 1999)).

The City argues that the election doctrine is not applicable to this case because "[i]t is not clear that the election of remedies doctrine exists in the context of one claim being based on federal law, and the other claim being based on state law" (Dkt. #101 at p. 4). The City is wrong. Indeed, in the Fifth Circuit, "[w]hen a plaintiff prevails on both federal and Texas state law causes of action for the same injury, federal courts apply Texas's one satisfaction rule . . . ." *Malvino*, 840 F.3d at 233 (citing *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 335–36, 336 n.45 (5th Cir. 2008)). In fact, the doctrine even applies to provide a plaintiff with an avenue to recover on a new claim after his initial election disappears on appeal due to an appellate ruling. *Id.* ("Defendants do not cite any authority holding that a plaintiff cannot change his election if the claim he elected to recover on is reversed on appeal."); *Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am. Inc.*, No. 4:08-CV-00451, 2020 WL 1495230, at *8 (E.D. Tex. Mar. 27, 2020) ("It is equitable that TAOS be allowed to re-elect when the remedy it was entitled to was 'wiped from the book' on appeal.").[3]

Prior to appeal, Baker elected to recover under her § 1983 claim (Dkt. #71). On appeal, the Fifth Circuit reversed the Court's finding that the City violated the Fifth Amendment. *Baker*, 84 F.4th at 389. Because Baker's elected remedy under § 1983 was predicated on a Fifth Amendment violation, the Fifth Circuit vacated the Court's § 1983 judgment (Dkt. #71). *Id.* Thus, after the Fifth Circuit vacated her § 1983 judgment, Baker's remedy under § 1983 was "wiped from the book" (Dkt. #71; *Baker*, 84 F.4th at 389). *TAOS*, 2020 WL 1495230, at *8. Vacatur "eliminates a judgment . . . ." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1994) (quoting

---

[3] For convenience, the Court will hereinafter refer to this case as "*TAOS*."

*United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)); *see also United States v. Garde*, 848 F.2d 1307, 1311 (D.C. Cir. 1988) (equating vacatur with having a court's decision "wiped from the book . . . ."). Thus, Baker's § 1983 remedy is now gone, but she is still entitled to a remedy. *See TAOS*, 2020 WL 1495230, at *8.

The Court first turns to its prior opinion in *TAOS*. *See id*. Though *TAOS* is instructive on the election of remedies doctrine, it differs from these facts in one key respect. There, the parties called upon the Court to determine whether the plaintiff could reelect its remedy after the Federal Circuit vacated its damages award on a trade secret misappropriation claim but upheld the jury's finding of liability. *Id*. at *3. After trial, the jury returned a verdict which found the defendant liable for breach of contract, tortious interference with a contract, and misappropriation of trade secrets. *Id*. at *1. Each liability finding carried with it a mutually exclusive remedy that the plaintiff could elect to recover. *Id*. at *3–4. The plaintiff elected to recover damages for misappropriation of trade secrets because that remedy provided the greatest relief. *Id*. After the Court entered final judgment, the defendant appealed. *Id*. at *2. On appeal, the Federal Circuit vacated the damages award but affirmed the liability finding on the plaintiff's misappropriation claim. *Id*. at *3. Thus, the question on remand was whether the plaintiff's original election of the trade secret misappropriation remedy was binding after the Federal Circuit vacated that award but upheld the jury's finding of liability. *Id*. The Court answered in the negative and allowed the plaintiff to reelect. *Id*. at *3–8.

Here, the facts are slightly different, but the Court arrives at the same result. In *TAOS*, the Federal Circuit left the liability finding intact but wiped the damages award from the books. *Id*. at *3. Thus, the plaintiff was left with a favorable verdict, but no remedy to recover. *Id*. Here, however, the facts are just the opposite. After the jury returned its verdict, Baker had three options under

10

which to pursue a single remedy of $59,656.59 in damage to her home and personal property: (1) the Fifth Amendment; (2) § 1983; or (3) the Texas Constitution. *Baker*, 84 F.4th at 382. She chose § 1983. *Id.* Then came the appeal. But unlike the Federal Circuit in *TAOS*, here, the Fifth Circuit reversed the Court's finding of *liability* under the Fifth Amendment and, by extension, § 1983. *Id.* at 389. Accordingly, the Fifth Circuit determined that the federal claims—those brought under the Fifth Amendment and § 1983—should never have gone to the jury. *See id.* Thus, it vacated that portion of the judgment but left undisturbed the damages award. *Id.* Indeed, the Fifth Circuit's mandate makes no mention of the *verdict* itself, but only the Court's prior determination of liability on summary judgment. *See id.* It also makes no mention of the damages award. *See id.* That makes sense, as the damages questions were submitted to the jury wholly separate and apart from the § 1983 liability question (Dkt. #74). Accordingly, the jury's finding on damages remains intact. And critically, though the Fifth Circuit dismissed her federal claims, it expressly declined to reach the validity of her Texas Takings claim. *Baker*, 84 F.4th at 388. Certainly, Baker may recover her damages award under the Texas Constitution now that the claim upon which her previous election was based has been "wiped from the book." *TAOS*, 2020 WL 1495230, at *8. To hold otherwise would lose sight of the purpose of the election of remedies doctrine and "prevent [Baker] from recovering once." *Malvino*, 840 F.3d at 234 (citing *Vickery*, 999 S.W.2d at 373). The Court will not punish Baker for making the wrong choice. She prevailed on her Texas Takings claim. She should be allowed to recover on it.

Finally, the Court turns briefly to the City's insistence that Baker's state law claim died with the Fifth Circuit's decision that this case did not present a cognizable federal claim (*See* Dkt. #101 at pp. 5–6). Try as it might, the City cannot convince the Court that the Fifth Circuit's reversal of

11

the Court's Fifth Amendment determination has any bearing on the remaining state law claim. In the City's view, Baker no longer has a state remedy to elect because the Court's liability finding under the Texas Constitution was based on its Fifth Amendment finding (Dkt. #101 at p. 5). That argument mischaracterizes the Court's decision. In fact, the Court specifically noted in its Summary Judgment Order that "the Texas Constitution's Takings Clause *differs* from the Takings Clause set forth in the United States Constitution" (Dkt. #51 at p. 31) (emphasis added). Though the Court noted that the Texas Supreme Court views the two as "comparable," later in the same paragraph, the Court added that "the Texas Takings Clause provides *broader* protection" than its federal counterpart (Dkt. #51 at pp. 31–32) (citing *Hallco Tex., Inc. v. McMullen Cnty.*, 221 S.W.3d 50, 56 (Tex. 2006); *Steele v. City of Hous.*, 603 S.W.2d 786, 789–91 (Tex. 1980) (emphasis added)). Thus, it is entirely possible for a defendant to violate the Texas Takings Clause—a clause more protective than its federal analog—without violating the Fifth Amendment. *Compare* TEX. CONST. art. I, § 17 ("No person's property shall be *taken*, *damaged* or *destroyed* for or *applied* to public use without adequate compensation being made . . . .") (emphasis added), *with* U.S. CONST. amend. V ("[N]or shall private property be *taken* for public use, without just compensation.") (emphasis added). The City did so here.

## CONCLUSION

The Court therefore **ORDERS** as follows:

1. Plaintiff's Reelection of Remedy (Dkt. #99) is hereby **GRANTED**; and
2. Defendant City of McKinney's Motion to Dismiss Plaintiff's Remaining State Law Claim (Dkt. #102) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 5th day of June, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE